ANTHONY J. BRUNO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bruno v. Commissioner
Docket No. 35111-85.
United States Tax Court
T.C. Memo 1986-571; 1986 Tax Ct. Memo LEXIS 36; 52 T.C.M. (CCH) 1111; T.C.M. (RIA) 86571; December 1, 1986. *36 Held, P failed to substantiate claimed charitable deductions based on tithing. Anthony J. Bruno, pro se. Mark D. Petersen, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Additions to Tax
Tax Year
Income
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Ended
Tax
December 31, 1981
$2,538
$123
$126 December 31, 1982
4,581
583
229
December 31, 1983
7,638
1,051
382
*37 Additions to Tax
Sec. 6653(a)(2)
Sec. 6654
50% of interest due on
$ N/A  an underpayment of $490
50% of interest due on
172
an underpayment of $2,333
50% of interest due on
202
an underpayment of $4,204
The sole issue for decision is whether petitioner is entitled to claim a deduction for charitable contributions in each of the years 1981, 1982 and 1983, and if so, in what amount. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Petitioner resided in Kenosha, Wisconsin, at the time he filed his petition in this case. Petitioner filed no Federal income tax returns for 1981, 1982 or 1983, the years in question. He had gross income for these years in the respective amounts of $15,810, $23,681 and $34,230. Respondent has conceded that petitioner is entitled one exemption and that petitioner has substantiated the itemized deductions for 1981, 1982 and 1983 listed below. Respondent has further conceded that petitioner is entitled to use these itemized deductions to compute his tax liability for 1981, 1982 and 1983, *38 to the extent that these itemized deductions, plus any additional itemized deductions allowed by the Court for the years in question, exceed the zero bracket amount for each such year. Allowable
Itemized
Deductions
1981
1982
1983
Wisconsin Income Tax
$874
$1,190
$2,285
Sales Tax
139
218
313
Interest
163
111
36
Union Dues
132
164
258
Work Clothes
45
109
155
Petitioner agrees to pay additions to tax under sections 6651(a)(1), [1] 6653(a)(1), 6653(a)(2) and 6654 for the years 1981, 1982 and 1983. OPINION The only issue in dispute is whether petitioner is entitled to charitable contribution deductions for the years in question and if so, in what amount. See generally section 170(a). Petitioner contends that it is against his religious tenets to disclose the objects and amounts of his charitable giving. Because of this belief, he has no record or other objective proof to support his claimed charitable deductions. The burden *39 of proof is on petitioner on this issue. Rule 142(a). We agree with respondent that petitioner has failed to carry his burden of substantiating the contested charitable deductions. Petitioner took the witness stand on his own behalf and explained his position to the Court. He relaxed his position of privacy to some extent in that he stated that he tithed by making cash gifts to three Catholic churches and miscellaneous but unspecified secular entities. He has not enlightened the Court as to the amounts he is claiming as deductions. Petitioner called a witness to testify on his behalf who stated that on one occasion he saw petitioner put money in a church collection plate, but he disclaimed any further knowledge about petitioner's tithing. Although petitioner filed no returns for the years in question and raised protester-type issues in his petition (labor is property, etc.), we do not question his sincerity insofar as his charitable impulses are concerned. Nevertheless, he has failed to prove that he is entitled to any charitable deductions for the years in question. Decision will be entered under Rule 155.
Footnotes
1. Unless other noted, all section references are to sections of the Internal Revenue Code of 1954 in effect for the years in question. All rule references are to the Tax Court Rules of Practice and Procedure.↩